UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

12-20423 CR-MOORE

Sealed

/TORRES

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)(A)

FILED by _____ D.C.

JUN 07 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

ANGEL BARROSO,
JOHN ROMNEY,
WILLIAM HARTNETT III,
RAFAEL UBIETA,
JOEL ZALDIVER, and
KYLE BAKER,

      Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.    AMNET Mortgage Inc. ("AMNET Mortgage"), was a Delaware corporation doing business as a mortgage lender throughout the United States, including in the State of Florida. AMNET Mortgage did business in the state of Florida as American Mortgage Network of Florida. AMNET Mortgage was an affiliate of Wachovia Mortgage Corporation and Wachovia Bank NA.

2.    American Brokers Conduit LLC was a Delaware limited liability company doing business as a mortgage lender throughout the United States, including in the State of Florida.

3.    First Magnus Financial Corporation was an Arizona corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

4.    First Class Mortgage and Lending Corp. was a Florida corporation doing business as a mortgage broker in the State of Florida.

5.    Property Collateral, Inc. was a Florida Corporation with its principal place of business listed as 10975 NW 63RD Street, Doral, Florida 33178.

6.    Two B Investments Group Inc. was a Florida Corporation with its principal place of business listed as 21800 SW 232nd Street, Miami, Florida 33170.

7.    Hartnett Development, Inc. was a Florida Corporation with its principal place of business listed as 1265 Campo Sand Avenue, Coral Gables, Florida 33146.

8.    Bayside Title Services, Inc. was a Florida corporation doing business as a title company in the state of Florida.

9.    Defendant **JOHN ROMNEY**, an individual who resided in Miami-Dade County, Florida, was the president of Property Collateral, Inc.

10.    Defendant **ANGEL BARROSO**, an individual who resided in Miami-Dade County, Florida, was the president of Two B Investments Group Inc.

11.    Defendant **WILLIAM HARTNETT III**, an individual who resided in Miami-Dade County, Florida, was the president of Hartnett Development, Inc.

12.    Defendant **RAFAEL UBIETA**, an individual who resided in Miami-Dade County, Florida, was the president of Bayside Title Services, Inc. and served as title and settlement agent for and on behalf of Bayside Title Services, Inc. in closing the purchase and sale of real property in the State of Florida.

13.     Defendant **JOEL ZALDIVER**, an individual who resided in Miami-Dade County, Florida, was a licensed mortgage broker doing business in Miami-Dade County and the president of First Class Mortgage and Lending Corp. As a mortgage broker, **ZALDIVER** was responsible for preparing and processing mortgage applications and associated paperwork on behalf of real estate buyers.

14.     Defendant **KYLE BAKER**, an individual who resided in Miami-Dade County, Florida, was a licensed mortgage broker doing business in Miami-Dade County and the president of First Class Mortgage and Lending Corp. As a mortgage broker, **BAKER** was responsible for preparing and processing mortgage applications and associated paperwork on behalf of real estate buyers.

15.     B.P. acted as a straw buyer who allowed her identity and credit to be used in the purchase of 1985 South Ocean Drive, Unit BS 19-K, Hallandale Beach, Florida 33009.

16.     J.C. acted as a straw buyer who allowed his identity and credit to be used in the purchase of 280 NE 78 Street, Miami, Florida 33138.

17.     A.G. acted as a straw buyer who allowed his identity and credit to be used in the purchase of 6301 Leonardo Street, Miami, Coral Gables, 33146.

18.     Y.P. acted as a straw buyer who allowed her identity and credit to be used in the purchase of 6300 SW 85 Avenue, Miami, Florida 33143.

19.     The term "closing" referred to the legal event at which the transfer of an interest in real estate from seller to buyer formally took place, as well as the point at which funds were transferred between the various parties, such as from the lending institution to the buyer or to the

seller on the buyer's behalf, which transfer was often accomplished by temporarily passing the funds through an intermediary referred to as a "closing agent" or "title company."

20.    The term "mortgage" was used in the real estate industry to refer to a loan to finance the purchase of real estate property, usually with specified payment periods and interest rates, in which the borrower/mortgagor gave the lender/mortgagee a lien on the property as collateral for the loan.

21.    The term "lenders" referred collectively to the mortgage lenders set forth in the preceding paragraphs 1 through 3, each of which extended mortgage loans and disbursed mortgage loan proceeds to fund the financing of residential properties in the State of Florida. The lender was often referred to as the "lien holder."

22.    A HUD-1 Settlement Statement ("HUD-1 Statement") was a standard form required to be executed for the closing of real estate transactions. The HUD-1 Statement itemized all aspects of the closing for the lender, including any payments made by the borrower, money due to the seller, and any fees paid to third parties in connection with the closing.

23.    "Cash-to-close" referred to the monetary obligations to be met by an individual, usually the buyer, in order for a closing on a particular real estate transaction to be completed.

## COUNT 1
## CONSPIRACY TO COMMIT WIRE FRAUD
### (18 U.S.C. § 1349)

1.    Paragraphs 1 through 23 of the General Allegations section of this Indictment are re-alleged and fully incorporated herein by reference.

2.      From in or around February 2007, through in or around June 2007, the exact dates

being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District

of Florida, and elsewhere, the defendants,

**ANGEL BARROSO,**
**JOHN ROMNEY,**
**WILLIAM HARTNETT III,**
**RAFAEL UBIETA,**
**JOEL ZALDIVER, and**
**KYLE BAKER,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine,

conspire, confederate, and agree together and with others known and unknown to the Grand Jury,

to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to

defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that they were false and fraudulent when made, and

transmitting and causing to be transmitted in interstate commerce, by means of wire communication,

certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and

artifice, in violation of Title 18, United States Code, Section 1343.

**<u>PURPOSE OF THE CONSPIRACY</u>**

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to

unlawfully enrich themselves by, among other things: (a) using straw buyers to purchase and finance

residential properties in Miami-Dade and Broward Counties, Florida; (b) submitting false and

fraudulent mortgage loan applications, closing documents and other related loan documents to

lending institutions, thereby inducing the lending institutions to make mortgage loans to straw buyers

for the purchase and financing of the residential properties; (c) causing the lending institutions to

5

loan more money than they otherwise would have loaned by preparing, and submitting to them, false and fraudulent HUD-1 Statements which did not accurately reflect the money disbursed to the buyers and sellers; and (d) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## MANNER AND MEANS OF CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.     **ANGEL BARROSO, JOHN ROMNEY, WILLIAM HARTNETT III**, and others identified certain residential properties in Miami-Dade and Broward Counties, Florida, that could be used to defraud lenders, including, among others, the following properties:

(a)     1985 South Ocean Drive, Unit BS 19-K, Hallandale Beach, Florida 33009;

(b)     280 NE 78 Street, Miami, Florida 33138;

(c)     6301 Leonardo Street, Miami, Coral Gables, 33146; and

(d)     6300 SW 85 Avenue, Miami, Florida 33143 (collectively, "the Properties").

5.     Individuals acting at the direction of **JOHN ROMNEY** and **ANGEL BARROSO** recruited straw buyers, and directed and paid others to recruit straw buyers, to act as qualifying mortgage applicants in order to fraudulently purchase and finance the Properties.  Among the individuals recruited to act as straw buyers were B.P., J.C., A.G., and Y.P.

6.     **JOEL ZALDIVER, KYLE BAKER** and their co-conspirators prepared, and caused to be prepared, false and fraudulent mortgage applications and other related documents on behalf of the straw buyers.  The loan applications and related documents, which were submitted to lenders, contained numerous false statements and representations relating to the straw buyers' employment,

income, deposits, assets, liabilities, other loan applications, intent to make the property a primary residence, and other information necessary for lenders to assess the straw buyers' qualifications to borrow money. In some instances, the loan applications and related documents contained false statements and representations relating to the purchase price of the Properties. The false and fraudulent documents were used to induce the lenders to fund mortgage loans to purchase and finance the Properties.

7.    As part of the loan application process, **JOEL ZALDIVER** and **KYLE BAKER** created, and caused to be created, false and fraudulent verifications of employment for the straw buyers in order to further induce the lenders to approve the mortgage loans.

8.    As part of the closing process, **RAFAEL UBIETA** prepared, and caused to be prepared, and submitted to lenders false and fraudulent HUD-1 Statements which falsely stated, among other things, that the straw buyers supplied their own cash-to-close funds at the closing of the sale transactions for various properties.

9.    Having received the false and fraudulent loan applications and related documents submitted by the defendants, the lenders approved the fraudulent loan requests and wired the loan proceeds in interstate commerce to Bayside Title Services Inc. in Miami, Florida, for distribution at the closing of the real estate transactions. Over the course of the scheme, the defendants fraudulently caused the lenders to fund approximately $2,538,656 in loans.

10.    At or near the time of the closings, **RAFAEL UBIETA** fraudulently disbursed the sellers' loan proceeds to **JOHN ROMNEY, ANGEL BARROSO, WILLIAM HARTNETT III** and others, prior to and without receiving the cash-to-close payment from the straw buyers, contrary to the representations in the HUD-1 Statements. **JOHN ROMNEY, ANGEL BARROSO** and

**WILLIAM HARTNETT III** then used the early-release loan proceeds to satisfy the straw buyers' cash-to-close obligations.

11.     At or near the time of the closings, **JOHN ROMNEY, ANGEL BARROSO, WILLIAM HARTNETT III**, and their co-conspirators caused fraudulent payments and disbursements to be made from the mortgage loan proceeds, and also fraudulently diverted loan proceeds from the sales transactions for their own personal benefit and/or to further the fraud scheme.

12.     **ANGEL BARROSO** and his co-conspirators made, and caused to be made, payments to the straw buyers for fraudulently allowing their names and credit to be used in obtaining the mortgage loans.  Ultimately, the defendants and their co-conspirators stopped making mortgage payments, causing many of the Properties to go into foreclosure and resulting in substantial losses to the lenders.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
## WIRE FRAUD
## (18 U.S.C. § 1343)

1.     Paragraphs 1 through 23 of the General Allegations section of this Indictment are re-alleged and incorporated fully herein by reference.

2.     From in or around February 2007, through in or around June 2007,  in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ANGEL BARROSO,**
**WILLIAM HARTNETT III,**
**RAFAEL UBIETA and**
**JOEL ZALDIVER,**

8

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) using straw buyers to purchase and finance residential properties in Miami-Dade and Broward Counties, Florida; (b) submitting false and fraudulent mortgage loan applications, closing documents and other related loan documents to financial and lending institutions, thereby inducing the financial and lending institutions to make mortgage and balloon loans to straw buyers for the purchase of the residential properties; (c) causing the lending institutions to loan more money than they otherwise would have loaned by preparing, and submitting to them, false and fraudulent HUD-1 Statements which did not accurately reflect the money disbursed to the buyers and sellers; and (d) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## THE SCHEME AND ARTIFICE

4.      The Manner and Means section of Count 1 of the Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

9

## USE OF THE WIRES

5.      On or about the dates specified as to each count below, the defendants, as specified

below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud

and to obtain money and property by means of materially false and fraudulent pretenses,

representations and promises, did knowingly transmit and cause to be transmitted in interstate

commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds,

as more particularly described below:

| | | | |
|---|---|---|---|
| 2 | 6/8/2007 | **WILLIAM HARTNETT III, RAFAEL UBIETA and JOEL ZALDIVER** | Wire transfer in the amount of $1,013,945.80 from AMNET Mortgage in the State of California to Bayside Title Services Inc.'s account at Wachovia Bank in the Southern District of Florida, relating to the purchase of the property located at 6301 Leonardo Street, Miami, Florida 33146. |
| 3 | 6/13/2007 | **ANGEL BARROSO, RAFAEL UBIETA and JOEL ZALDIVER** | Wire transfer in the amount of $1,014,495.27 from AMNET Mortgage in the State of California to Bayside Title Services Inc.'s account at Wachovia Bank in the Southern District of Florida, relating to the purchase of the property located at 6300 SW 85 Avenue, Miami, Florida 33143. |

In violation of Title 18, United States Code, Sections 1343 and 2.

10

## FORFEITURE ALLEGATIONS
### (18 U.S.C. §§ 982(a)(2)(A))

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants,

**ANGEL BARROSO,**
**JOHN ROMNEY,**
**WILLIAM HARTNETT III,**
**RAFAEL UBIETA,**
**JOEL ZALDIVER, and**
**KYLE BAKER,**

has an interest.

2.      Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America all his respective right, title and interest in any property constituting, or derived from, any proceeds obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

'FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

Angel Barroso, et al.,

_____
                    Defendants.
_____ /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| X | Miami | ___ | Key West | |
| ___ | FTL | ___ | WPB | ___ FTP |

New Defendant(s)               Yes _____   No _____
Number of New Defendants         _____
Total number of counts           _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No)      Yes
    List language and/or dialect       Spanish

4.  This case will take      10      days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

| | | |
|---|---|---|
| I   0  to  5 days | _____ | Petty _____ |
| II  6  to 10 days | X | Minor _____ |
| III 11 to 20 days | _____ | Misdem. _____ |
| IV  21 to 60 days | _____ | Felony X |
| V   61 days and over | _____ | |

6.  Has this case been previously filed in this District Court? (Yes or No)     No
    If yes:
    Judge: _____        Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)     No
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers:       _____
    Defendant(s) in federal custody as of  _____
    Defendant(s) in state custody as of    _____
    Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No)     No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003? _____ Yes    X    No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes    X    No

SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY
Court No.A5500940

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Angel Barroso

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max.Penalty**:                 20 years' imprisonment

Count #: 3

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max.Penalty**:                 20 years' imprisonment

Count #:

**\* Max.Penalty**:

Count #:

**\* Max.Penalty**:

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: John Romney

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max.Penalty**:                20 years' imprisonment

Count #:

**\* Max.Penalty:**

Count #:

**\* Max.Penalty:**

Count #:

**\* Max.Penalty:**

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: William Hartnett III

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max.Penalty**:                    20 years' imprisonment

Count #: 2

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max.Penalty**:                    20 years' imprisonment

Count #:

_____

_____

**\* Max.Penalty**:

Count #:

_____

_____

**\* Max.Penalty**:

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Rafael Ubieta

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max.Penalty**:                    20 years' imprisonment

Counts #: 2-3

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max.Penalty:**                    20 years' imprisonment

Count #:

**\* Max.Penalty:**

Count #:

**\* Max.Penalty:**

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Joel Zaldiver

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max.Penalty**:                 20 years' imprisonment

Counts #: 2-3

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max.Penalty**:                 20 years' imprisonment

Count #:


**\* Max.Penalty**:

Count #:


**\* Max.Penalty**:


**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Kyle Baker

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\* Max.Penalty:**              20 years' imprisonment

Count #:

_____

_____

**\* Max.Penalty:**

Count #:

_____

_____

**\* Max.Penalty:**

Count #:

_____

_____

**\* Max.Penalty:**

**\*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**